OPINION
{¶ 1} Defendant Gregory Jadwin appeals a judgment of the Muskingum County Court, entered in favor of Virginia Sutton which awarded her $2,375. Appellant assigns three errors to the trial court:
 {¶ 2} "I. The trial court erred in not permitting appellant to fully present its case in chief and it infringed upon appellant's right to a fair trial.
 {¶ 3} "II. The trial court erred in ruling for appellee because appellee previously testified that appellant repaid appellee the lent monies and the court conditioned the ruling on the basis of such testimony.
 {¶ 4} "III. The trial court erred in its judgment entry by not reflecting that appellee virginia sutton was not present at trial."
 {¶ 5} The record indicates appellant worked for appellee in her real estate company. Appellee filed a theft by deception complaint against appellant, claiming he had rented her townhouse property without her knowledge and collected the rent money for himself. In the criminal case, appellee testified appellant had re-paid her all the money attributable to the townhouse rental. The common pleas court granted appellant's motion for acquittal. Two months later, appellee filed this civil case, alleging appellant had not returned money she had lent to him totaling $2,375. Appellee claimed appellant promised to repay the monies by June 1, 2002, but had not done so.
 {¶ 6} The transcript in the civil case indicates appellee, who at the time of the hearing was 81 years old, did not attend, but asked her son to attend and represent her interest. After a bench trial, the court entered judgment in favor of appellee.
 II. {¶ 7} We will address this assignment of error, first for clarity sake.
 {¶ 8} At trial, appellee's son produced records and cancelled checks showing on four occasions appellee had lent money to appellant. Appellant stipulated to the checks.
 {¶ 9} Appellant testified he had worked for appellee for approximately 16 months. He testified the common pleas court dismissed the felony theft charges against him because appellee testified at trial the appellant had paid her every dime he owed her. Upon questioning by the court, he again asserted the transcript of proceedings in the common pleas court would demonstrate she had previously testified he owed her nothing. Appellant had not submitted the transcript because of the expense. The trial court announced it would order a transcript, and add the costs to the costs of this proceeding.
 {¶ 10} Appellee's son objected, and informed the court appellee was confused in the criminal case. Appellee's son conceded he was not present for the criminal trial, and really had no idea what had said.
 {¶ 11} The record indicates at this point in the civil case, the parties were becoming upset. Appellant began to tell the court something about James Workman, one of the assistant prosecuting attorneys who were involved in his criminal case, but the court cut him off. The court announced the proceeding was not going to break down into an excited shouting match. The court informed the parties it would get a transcript, and if appellee testified under oath appellant didn't owe her any money, then that would be dispositive of the case.
 {¶ 12} Contrary to appellee's assertion, the court did obtain the transcript. We have reviewed the transcript of proceedings in the common pleas case, upon which the trial court relied. It does not appear appellee was confused, but was able to describe the apartment and to inform the court how appellant had rented the apartment to someone without her knowledge and kept the rental money. Appellee described how she discovered this particular apartment was rented. Appellee testified several times appellant had paid the rent money back to her before he resigned from her employment.
 {¶ 13} It is clear from the record appellant did repay the converted rental funds. However, at issue in this case, are four checks from appellee to appellant, representing a loan. The common pleas court transcript does not contain any reference to any loaned money.
 {¶ 14} We find the trial court did not err in entering judgment for appellee, because appellant's evidence did not demonstrate he had repaid the money which was the subject of this action.
 {¶ 15} The second assignment of error is overruled.
 I. {¶ 16} In his first assignment of error, appellant argues the trial court erred in not permitting appellant to fully present his case, infringing on his right to a fair trial.
 {¶ 17} While it is true the trial court stopped appellant's discussion of the criminal case, he did not object or inform the court he had other relevant evidence to present. Appellant's brief asserts he wished to tell the trial court what the prosecutor said. If this statement is not in the common pleas transcript, it is hearsay.
 {¶ 18} We find the trial court did not err in limiting the discussion about the criminal action to maintain order in the court. Appellant did not object or ask the court to permit him to proffer what further evidence he wished to present. On this record, we find the trial court did not err.
 {¶ 19} The first assignment of error is overruled.
 III. {¶ 20} In his third assignment of error, appellant argues the trial court's judgment entry states both parties appeared for trial, when in fact, it is clear appellee did not appear for trial.
 {¶ 21} Appellant does not explain how this inaccuracy results in prejudicial error, particularly since the trial court had before it sworn testimony from the appellee given in common pleas court, and appellee's notarized complaint in this action.
 {¶ 22} The third assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Muskingum County Court is affirmed.
Gwin, P.J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court is affirmed. Costs to appellant.